IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JUAN JOSE MEJIA-RAMIREZ, | ) | CASE NO. 7:12CV248 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| WARDEN ZYCH, | ) | By:  Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Juan Jose Mejia-Ramirez ("Ramirez"), a federal inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that he has not received jail credit for time he served in federal custody before his federal sentencing. Respondent has filed a motion to dismiss. The court notified Ramirez of respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned him that judgment might be granted for respondent if he did not reply to the motion by filing affidavits or other documents contradicting respondent's evidence or otherwise explaining his claims. Ramirez never responded. However, the time allotted for his response has expired, making the matter ripe for the court's consideration. Upon review of the record, the court grants the motion to dismiss.

**I**

Records submitted by the respondent with the motion to dismiss offer the following sequence of events related to the calculation of Ramirez's term of confinement. On May 9, 2010, Ramirez was arrested and detained by the Fairfax County, Virginia Sheriff's Department on various state criminal charges, including failure to appear, driving without a license, refusing a blood or breath test, and providing false information to a criminal investigator. These charges were dismissed on June 22, 2010.

The Bureau of Immigration and Customs Enforcement ("ICE") had placed a detainer against Ramirez, however, and on June 23, 2010, state authorities transferred Ramirez to ICE custody under that detainer. On July 21, 2010, ICE officials filed a criminal complaint in the United States District Court for the Eastern District of Virginia, alleging that on May 9, 2010, Ramirez had illegally reentered the country after deportation subsequent to commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The court authorized the criminal complaint and issued an arrest warrant the same day. Under the warrant, on July 22, 2010, the U.S. Marshals Service ("USMS") took custody of Ramirez from ICE. Subsequently, Ramirez was convicted of the § 1326 charge of illegal reentry and sentenced to 46 months in prison.

The Bureau of Prisons ("BOP") prepared a sentence computation for Ramirez, based on a 46-month term of confinement beginning January 21, 2011, the date when his federal sentence was imposed. The BOP credited Ramirez with prior custody credit for time served from May 9, 2010 through June 22, 2010,[1] and from July 21, 2010 through January 20, 2011. Based on this calculation and good conduct time he is expected to earn, Ramirez is currently scheduled to be released from BOP custody on October 7, 2013. ICE lodged a detainer against Ramirez on May 9, 2012, for his deportation to Mexico following his release from custody on the criminal sentence.

---

[1] After Ramirez filed this § 2241 petition, his sentence computation was updated on September 12, 2012, to include the prior custody credit from the original date of his state arrest on May 9, 2010, through June 22, 2010, which had not previously been credited.

Ramirez is currently incarcerated at the United States Penitentiary in Jonesville, Virginia ("USP Lee County").[2] In his § 2241 petition, Ramirez claims that he is entitled to additional prior custody credit against his criminal sentence for time served between June 23, 2010, when he was released from the Fairfax County Adult Detention Center under the ICE detainer, and July 20, 2010, when the federal criminal complaint issued.

## II

Respondent argues that the court has no jurisdiction over Ramirez's § 2241 claim, because Ramirez failed to exhaust administrative remedies before filing this petition. "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004); see also United States v. Odiana, 7 F.3d 227, 227 (4th Cir. 1993) (finding administrative exhaustion required prior to filing § 2241); United States v. Mercado, 37 F. App'x 698 (4th Cir. 2002) (approving dismissal of § 2241 petition for failure to exhaust BOP's administrative remedies prior to filing).

The Bureau of Prisons has established a three-tiered administrative remedy process "through which an inmate may seek formal review of any issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10, et seq. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. Id. The process begins with an attempt at informal resolution, followed by a formal written administrative remedy

---

[2] Respondent Christopher Zych is the warden of USP Lee County, where Ramirez was incarcerated at the time he filed his § 2241 petition. Because USP Lee County is located within the jurisdiction of this court, see 28 U.S.C. § 127(b), the court has jurisdiction over Zych, and Ramirez's petition is properly before the court. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (finding that § 2241 petitioner seeking judicial review of the execution of his sentence "should name his warden as respondent and file the petition in the district of confinement") (quoting Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004)).

3

request on a BP-9 form, with subsequent appeals to the regional director, using a BP-10 form, and then to the General Counsel on a BP-11 form.  28 C.F.R. § 542.13 - 15(a).

Respondent submits evidence that a review of SENTRY, the BOP's record system for inmates' utilization of the administrative remedies procedures, shows that Ramirez failed to pursue any of the formal administrative remedies provided by the BOP regarding the calculation of his federal criminal sentence.  Rather, it appears that Ramirez only attempted informal resolution of his complaint with staff, but never followed up with a formal BP-9 administrative remedy request.  Ramirez has not stated any facts or offered documentation contradicting respondent's evidence that he had not exhausted his administrative remedies before filing his § 2241 petition.  Accordingly, the court cannot reach the merits of his § 2241 petition.  Odiana, 7 F.3d at 227.

In any event, even if Ramirez had exhausted administrative remedies, the evidence in the record establishes that he is not entitled to any additional prior custody credit.  Ramirez's federal criminal sentence commenced on January 21, 2011, the date on which it was imposed.  See 18 U.S.C. § 3585(a).

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).  Ramirez was awarded prior custody credit toward his federal sentence for all "official detention" served as a result of the related state charges -- from May 9, 2010, the date of his original arrest by state authorities, through June 22, 2010, when his state charges were dismissed.  Ramirez was also awarded prior custody credit for "official detention" he served from July 21, 2010, the date on which the illegal reentry criminal complaint

was filed against him in federal court and the arrest warrant was issued, through January 20, 2011, the day before his federal criminal sentence commenced.  The period of time between June 23, 2010, when Ramirez was detained under the ICE detainer, until he was taken into custody on the federal criminal complaint on July 21, 2011, does not constitute "official detention" under pending criminal charges for purposes of § 3583.  See United States v. Lopez, 650 F.3d 952, (3d Cir. 2011) (finding that because ICE deportation proceedings are civil actions, a person held under ICE detainer is not in "official detention" for purposes of sentencing on a later imposed criminal sentence); Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual New Law/CCCA, p. 1-15A ("Official detention does not include time spent in the custody of [ICE] under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability.") (ECF No. 11-7, at 2).  Thus, Ramirez is not entitled to credit for the time he spent in ICE custody from June 23, 2010 through July 21, 2010, before he was taken into custody on the federal criminal complaint, because he was not in "official detention" during this time.

### III

In conclusion, the court grants respondent's motion to dismiss.  Ramirez fails to establish that he exhausted administrative remedies before he filed this § 2241 petition, and the evidence establishes that his claim for prior custody credit is without merit.  An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER:  This 3rd day of April, 2013.

                                                                                  /s/  Glen E. Conrad
                                                                             Chief United States District Judge